IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Colleen DeLuca,                                :
                               Appellant       :
                                               :
        v.                                     :    No. 1405 C.D. 2019
                                               :    Submitted: May 12, 2020
Mountaintop Area Joint Sanitary               :
Authority and Thomas G. Keiper                :


BEFORE:     HONORABLE MARY HANNAH LEAVITT, President Judge
            HONORABLE MICHAEL H. WOJCIK, Judge
            HONORABLE J. ANDREW CROMPTON, Judge


OPINION NOT REPORTED

MEMORANDUM OPINION
BY PRESIDENT JUDGE LEAVITT                          FILED: June 16, 2020


        Colleen DeLuca (DeLuca) appeals two orders of the Court of Common
Pleas of Luzerne County (trial court). The first order denied the motion to recuse
the Honorable William H. Amesbury from conducting a hearing on the petition of
Mountaintop Area Joint Sanitary Authority and Thomas G. Keiper (collectively, the
Authority) to enforce a settlement agreement. The second order granted the
Authority's petition. On appeal, DeLuca contends that Judge Amesbury was
obligated to recuse himself because of his involvement in the settlement discussions.
DeLuca further contends that the evidence showed that she did not freely agree to
the terms of the agreement that were entered into the record to settle her
whistleblower and tort claims against the Authority. For the following reasons, we
affirm the trial court's orders.

        DeLuca owns a single-family home in Mountain Top, Pennsylvania,
located adjacent to the Authority's sewage treatment plant. On several occasions

between June 27, 2006, and April 26, 2011, DeLuca's property was flooded with untreated sewage. The infiltrations stopped when, in late 2011, the Authority upgraded its system.

During this time, DeLuca was performing cleaning services at the Authority's offices. After her home flooded with sewage in April 2011, DeLuca retained counsel, who requested the Authority to stop the infiltration of sewage into DeLuca's home. On June 23, 2011, the Authority terminated DeLuca's cleaning services.

DeLuca filed a two-count action against the Authority.[1] The first count sounded in trespass and sought damages as a result of the sewage infiltrations. The second count was filed under the Whistleblower Law, Act of December 12, 1986, P.L. 1559, *as amended*, 43 P.S. §§1421-1428, and asserted that the Authority had terminated its contract with DeLuca because she complained about sewage entering her house. DeLuca also filed a petition for appointment of a board of viewers under the Eminent Domain Code, 26 Pa. C.S. §§101-1106, which was successful.[2] *See DeLuca v. Mountaintop Area Joint Sanitary Authority*, 166 A.3d 553 (Pa. Cmwlth. 2017) (holding that the Authority's intentional operation of its sewage system caused infiltrations of sewage onto DeLuca's property).

The whistleblower/trespass action was assigned to Judge Amesbury. On November 27, 2017, Judge Amesbury convened a pre-trial and settlement conference, which resulted in a settlement of DeLuca's *de facto* condemnation and

---

[1] The case is captioned *Colleen DeLuca v. Mountaintop Area Joint Sanitary Authority and Thomas G. Keiper* (C.C.P. Luzerne Cty., No. 2015-CV-05864).

[2] In May 2015, DeLuca filed a petition for appointment of a board of viewers pursuant to Section 502(c) of the Eminent Domain Code, 26 Pa. C.S. §502(c), alleging that the repeated infiltration of sewage on her property constituted a *de facto* taking.

whistleblower/trespass actions.  The terms of the settlement were placed into the record, which states as follows:

> THE COURT:  We had a count of negligence.  We have an eminent domain issue which constituted a tak[ing] as verified by an opinion that was rendered by my colleague Judge Tina Polachek Gartley and was affirmed by the Appellate Court[.]
>
> * * *
>
> THE COURT:  At the same time we have a claim for punitive damages, as well as a whistleblower action.
>
> The purpose in meeting today was to see if we could bring a resolution, a complete resolution of all outstanding theories that were presented before the [trial court], including the three that I just mentioned.  This would include any allegations against the municipality and there will be no disparaging remarks to any present employee, management personnel, non-management personnel or solicitor past or present.
>
> Did I cover that broad enough?
>
> MR. KARPOWICH:  And the public, Your Honor.
>
> THE COURT:  Okay.
>
> MR. McDONOUGH:  Your Honor, the eminent domain was under a separate court term and number.  This court term and number was only for the trespass and for the whistleblower.
>
> THE COURT:  You brought the negligence claim separately?
>
> MR. McDONOUGH:  They were brought with the whistleblower originally and then there was a separate eminent domain proceeding.
>
> THE COURT:  That's under 5864 of 2015.  So all will be included.
>
> MR. McDONOUGH:  Both lawsuits in all three counts, yes, Your Honor.

3

> THE COURT: The settlement amount is $450,000. That has been entered into by the parties. On behalf of the plaintiff, sir, is that an agreement?
>
> Mr. McDONOUGH: That part of the settlement, yes, Your Honor.
>
> MR. KARPOWICH: Yes, Your Honor.
>
> MR. ABELL: Yes, Your Honor.

Notes of Testimony (N.T.), 11/27/2017, at 2-3; Reproduced Record at 103a (R.R. __).[3]

Following the conference, DeLuca's counsel prepared a written settlement agreement and release for execution by the parties. The document stated that the Authority would pay DeLuca $450,000 and provide a letter from a professional engineer detailing the work done by the Authority to address the infiltration events. The document also provided that DeLuca would terminate her whistleblower/trespass and condemnation actions and release the Authority. Finally, the document included a mutual non-disparagement agreement.

DeLuca refused to sign the agreement as requested by her counsel. In April 2018, the Authority filed a petition to enforce the settlement agreement.

On May 15, 2018, DeLuca's counsel filed a motion to withdraw as counsel. At the hearing on that motion, DeLuca's counsel, Attorney Richard Abell, testified that DeLuca had not paid his invoices for legal services for several years and that there had been a breakdown in the attorney-client relationship. DeLuca voiced "no disagreement" with Attorney Abell's request to withdraw as counsel; the

---

[3] Attorney Richard Abell represented DeLuca, and Attorneys Sean McDonough and Donald Karpowich represented the Authority.

4

trial court granted the motion. N.T., 5/25/2018, at 47; R.R. 194a. The trial court gave DeLuca 60 days to obtain new counsel.

DeLuca retained the law firm McNees Wallace & Nurick LLC, which entered its appearance on behalf of DeLuca in both the condemnation and whistleblower/trespass actions. The trial court postponed the hearing on the Authority's petition to enforce settlement scheduled for August 7, 2018, to October 30, 2018.

On October 12, 2018, DeLuca filed a motion to recuse Judge Amesbury on the basis of Rule 2.11(A) of the Pennsylvania Code of Judicial Conduct.[4] The motion alleged that because Judge Amesbury would have to consider his own statements and actions during the settlement discussions, he was disqualified from conducting the hearing on the petition to enforce settlement agreement. Motion to Recuse at 4, ¶¶19-20; R.R. 210a.

At the October 30, 2018, hearing on DeLuca's recusal motion, the Authority objected to DeLuca's motion as untimely. DeLuca responded that her motion was timely because she had engaged new counsel, who needed to retrieve

---

[4] It states, in pertinent part, as follows:

> (A)  A judge shall disqualify himself or herself in any proceeding in which the judge's impartiality might reasonably be questioned, including but not limited to the following circumstances:
>
>> (1)   The judge has a personal bias or prejudice concerning a party or a party's lawyer, *or personal knowledge of facts that are in dispute in the proceeding*.
>>
>> * * *
>>
>> (6)   The judge:
>>
>> * * *
>>
>>> (c)    was a material witness concerning the matter.

PA. CODE OF JUDICIAL CONDUCT RULE 2.11(A) (emphasis added).

and review the files of prior counsel. The trial court postponed the hearing on the Authority's petition to enforce the settlement.

On December 9, 2018, the trial court scheduled an evidentiary hearing on DeLuca's recusal motion for February 11, 2019. The parties agreed that the evidentiary hearing would address both DeLuca's recusal motion and the Authority's petition to enforce the settlement agreement.

At the evidentiary hearing, DeLuca testified that in September 2017, her attorney advised her that the trial court wanted to conduct "a combined pretrial/settlement conference in November" in her whistleblower/trespass action. N.T., 2/11/2019, at 25; R.R. 354a. In October 2017, he notified her that the conference had been scheduled for November 27, 2017, and that she should be prepared to discuss settlement. DeLuca testified that on that day, she was escorted into a room. Fifteen minutes later, Attorney Abell and Judge Amesbury entered the room. DeLuca testified as follows:

> Dick Abell walked around in front of me, sat at a desk, put his feet up and locked his hands behind his head. Judge Amesbury grabbed a rolling chair, rolled it towards me, grabbed my hands, slid his knees between my skirt, screamed at the top of his lungs with his halitosis coffee breath.

*Id.* at 35; R.R. 357a. DeLuca stated that Judge Amesbury told her that she needed to take the Authority's offer "to get off his f[**]king dockets." *Id.* He told her that it was the "best deal" she was going to get. *Id.* When asked how she responded, DeLuca testified:

> I was unaccepting of the $10,000, my job back and me throwing away the win offered by Judge Gartley [in the condemnation case].

6

*Id.* at 36; R.R. 357a.

DeLuca also testified that during the settlement conference, she contacted Paul Logan, Esq., an attorney who had previously worked with Attorney Abell in her dispute with the Authority. That conversation lasted approximately 30 minutes. DeLuca stated that Attorney Logan told her to "buckle down" and "get this done"; he also told her to contact her bank for the payoff amount for her house. *Id.* at 39; R.R. 357a-58a.

DeLuca acknowledged that she stated on the record that she agreed to the settlement, but she could not explain her statement. DeLuca testified that she believed that the settlement applied only to the whistleblower/trespass action. On cross-examination, DeLuca conceded that at no point during the settlement conference did she tell Judge Amesbury that she was dissatisfied with Attorney Abell or his representation.

The Authority presented testimony from Toni Rogan, the Chairwoman of the Authority. Rogan testified that at the settlement conference, she did not observe Judge Amesbury demonstrate either a lack of patience or frustration. She did not observe DeLuca to be under duress. Rogan testified that after the settlement conference, DeLuca hugged her and said "[t]hank you." *Id.* at 87; R.R. 370a.

At the conclusion of that hearing, the parties agreed to keep the record open for the sworn testimony of Attorney Abell, who had represented DeLuca at the November 27, 2017, settlement conference. The record closed on May 15, 2019.

On May 15, 2019, Judge Amesbury entered an order denying DeLuca's motion for his recusal. The order gave the parties until June 15, 2019, to submit final briefs on the Authority's petition to enforce the settlement agreement.

7

Subsequently, on July 19, 2019, the trial court granted the Authority's petition to enforce the settlement agreement. The order directed DeLuca to execute the written settlement agreement and release and to comply with its terms and conditions. With regard to DeLuca's assertion that her counsel had been ineffective, the trial court reasoned that she may have a claim against her attorney for malpractice, but that claim was not relevant to the enforceability of the settlement. The trial court found no basis for her claim of duress or undue pressure and rejected her contention that she did not freely agree to the terms of the settlement. The trial court also held that assuming that DeLuca mistakenly agreed to the settlement, her mistake was unilateral. As such, it did not negate the validity of the parties' settlement agreement.

DeLuca then appealed the trial court's orders.

On appeal,[5] DeLuca raises three issues. First, she argues that the trial court abused its discretion in denying her motion for the judge's recusal. Second, she argues that the trial court erred in granting the petition to enforce the settlement agreement when the evidence showed that DeLuca did not freely enter into the agreement. Third, she argues that the trial court erred in ordering her to sign a

---

[5] When reviewing a trial court's decision to enforce a settlement agreement:

> [O]ur scope of review is plenary as to questions of law, and we are free to draw our own inferences and reach our own conclusions from the facts as found by the court. However, we are only bound by the trial court's findings of fact which are supported by competent evidence. The prevailing party is entitled to have the evidence viewed in the light most favorable to its position. Thus, we will only overturn the trial court's decision when the factual findings of the court are against the weight of the evidence or its legal conclusions are erroneous.

*Hydrojet Services, Inc. v. Reading Area Water Authority*, 220 A.3d 1199, 1204 n.4 (Pa. Cmwlth. 2019) (quoting *Bennett v. Juzelenos*, 791 A.2d 403, 406 (Pa. Super. 2002)).

written settlement agreement with terms that had not been discussed or agreed upon at the November 27, 2017, settlement conference.

The issues presented in this matter are identical to those presented and resolved by this Court in the related matter of *DeLuca v. Mountaintop Area Joint Sanitary Authority*, *and Thomas G. Keiper,* __ A.3d __ (Pa. Cmwlth., No. 1024 C.D. 2019, filed June 16, 2020) (*DeLuca I*). In that case, we affirmed the trial court's decision to deny DeLuca's recusal motion and to grant the Authority's petition to enforce the settlement agreement. Accordingly, we affirm the trial court on the basis of this Court's decision in *DeLuca I*.

_____

MARY HANNAH LEAVITT, President Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Colleen DeLuca,                           :
                            Appellant     :
                                          :
        v.                                :    No. 1405 C.D. 2019
                                          :
Mountaintop Area Joint Sanitary           :
Authority and Thomas G. Keiper            :

# **O R D E R**

AND NOW, this 16th day of June, 2020, the orders of the Court of Common Pleas of Luzerne County, dated May 15, 2019, and July 9, 2019, are AFFIRMED.

_____
MARY HANNAH LEAVITT, President Judge